115 A.2d 709 (1955)
The MORGAN MILLWORK COMPANY, a Maryland corporation, Plaintiff,
v.
HIGHWAY TRUCK DRIVERS AND HELPERS, A. F. OF L. LOCAL NO. 107, an unincorporated association, Defendant.
Court of Chancery of Delaware, New Castle.
July 22, 1955.
Joseph H. Flanzer and Robert C. Barab, Wilmington and Jacob Blum, Baltimore, Md., for plaintiff.
David B. Coxe, Jr., and Robert B. Walls, Jr., Wilmington, for defendant.
SEITZ, Chancellor.
This is an action by plaintiff-employer seeking a permanent injunction against the defendant-union to restrain allegedly illegal picketing. The Union asserted defensively that this Court lacked jurisdiction because plaintiff was guilty of violations of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., and those issues could only be tried before the N.L.R.B. This Court refused to dismiss the action but stayed the decision to give the Union an opportunity to bring such charges before the Board. See Morgan Millwork Co. v. Highway Truck Drivers, Del.Ch., 112 A.2d 855.
Within the time specified in this Court's order, defendant-union filed with the National Labor Relations Board the same charges of unfair labor practices against plaintiff-employer as it asserted defensively in this action. This had the effect, under the same order, of staying the decision in this cause pending the determination of the charges by the Board.
On July 12, 1955, plaintiff filed an affidavit showing that the Regional Director of the National Labor Relations Board had by letter dated June 30, 1955, notified the defendant-union that the charges would be dismissed for insufficient evidence. The time to obtain a review of this decision expired without any action being taken by the union.
Thereafter this Court notified the parties that it would proceed to determine this action on the present record unless they made application to add to the record within a specified time. No such application was made and it is therefore in order to determine this action.
As indicated in my previous opinion I feel that plaintiff is entitled to such relief in the absence of a meritorious defense. Those defenses which concern themselves with alleged violations of the National *710 Labor Relations Act by the plaintiff-employer have now been resolved against defendant by the Board. I therefore feel that for purposes of my decision it must be held that those defenses are without merit.
Defendant also charges that the plaintiff should be denied relief because the employment of the employee members of the union was terminated in bad faith. But the alleged bad faith consists of the employer's termination of this phase of its business because of its objections to the union's demands. I fail to find anything more. Thus, to the extent this defense may be considered apart from the National Labor Relations Act, I am compelled to conclude that the termination was not in bad faith in any legal sense.
Since the defenses asserted to the action are without merit and since plaintiff has a property interest entitled to protection, I conclude that plaintiff-employer is entitled to a permanent injunction restraining the defendant-union from picketing its place of business because of this termination of its trucking business. See Morgan Millwork Co. v. Highway Truck Drivers, Del.Ch., 110 A.2d 444.
Order on notice.